UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| ISMAIL MOHAMED ABDULLAHI,<br>Petitioner,<br>v.<br>JOHN MATTOS, *et al.*,<br>Respondents. | Case No. 2:26-cv-03388-MMD-MDC<br>ORDER |

**I. SUMMARY**

Petitioner Ismail Mohamed Abdullahi, an immigration detainee challenging the lawfulness of his ongoing federal detention at Nevada Southern Detention Center ("NSDC"), filed a counseled amended petition for writ of habeas corpus under 28 U.S.C. § 2241[1] (ECF No. 12 ("Petition")) and an application to proceed *in forma pauperis* ("IFP") (ECF No. 11). Because Petitioner was unlawfully arrested in violation of his statutory and due process rights, the Court grants the Petition and orders Petitioner be released.

**II. RELEVANT BACKGROUND**

Petitioner is a citizen of Somalia. (ECF No. 12 at 2.) In 1994, at just seven years old, he left his parents and siblings behind to flee a bloody and violent war in Somalia. (*Id.* at 3.) Petitioner has been in the United States for at least 32 years. (*Id.*) He later became a lawful permanent resident and mainly resided in Utah. (*Id.* at 3-4.)

In January 2015, Petitioner was placed in removal proceedings and charged with having two convictions for crimes of moral turpitude. (*Id.* at 4.) He was ordered removed to Somalia the next month. (*Id.*) However, Somalia refused to issue travel documents for

---

[1]Respondents filed a return (ECF No. 13) and Petitioner filed a traverse (ECF No. 16).

Petitioner because they had no records of him. (*Id.*) Immigration and Custody Enforcement ("ICE") determined removal was not feasible due to the lack of travel documents and released Petitioner after six months in custody. (*Id.*) This pattern repeated several times over the next few years. (*Id.*) Petitioner would be arrested on local charges, taken into ICE custody, and released when ICE determined removal was not possible because they could not obtain requisite travel documents.[2] (*Id.*) As such, Petitioner was never removed. (*Id.*)

On July 30, 2026, Petitioner was again arrested and taken into ICE custody.[3] (*Id.*) ICE served Petitioner with a Form I-205 Warrant.[4] (ECF No. 7-1 at 2.) However, this time, he was not released and has been detained since his arrest. (ECF No. 12 at 5.) Petitioner then filed a *pro se* habeas petition, seeking relief from his prolonged detention. (*Id.*) Petitioner subsequently filed a counsel amended petition after the Court appointed counsel. (ECF No. 12.)

## III. DISCUSSION

Petitioner seeks habeas corpus relief on five grounds challenging both his arrest and continued detention as unlawful.[5] Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2) because he has a prior order of

---

[2]Petitioner asserts that he always complied with ICE's directions to contact the Somali embassy to obtain travel documents but was "ultimately unsuccessful." (ECF No. 12 at 3.)

[3]Petitioner was arrested in Salt Lake City and later transferred to NSDC. (ECF No. 12 at 3.)

[4]In response to the Court's order (ECF No. 4), Respondents also produced an I-294 Warning to Alien Ordered Removed or Deported (ECF No. 7-1 at 4) and his prior removal order (ECF No. 7-1 at 5-6).

[5]Petitioner argues: (1) the I-205 warrant was improperly signed; (2) his continued detention violates his statutory and due process rights because removal is not reasonably foreseeable; (3) Respondents improperly revoked his order of supervision; (4) the government's third-country removal policy is illegal; and (5) Petitioner's continued detention pursuant to the third-country removal violates due process. (ECF No. 12 at 4, 5, 8, 11, and 13).

removal. (ECF No. 13 at 2, 3.) The Court rejects Respondents' argument and grants the Petition on the ground that the arrest was unlawful.

Immigration arrests are primarily executed through two types of warrants: Form I-200 Warrants of Arrest and Form I-205 Warrants of Removal/Deportation. *See Ger V. v. Mullin*, No. 26-cv-2543-KMM/DTS, 2026 WL 1847044, at *2 (D. Minn. June 26, 2026). Form I-200 Warrants of Arrest are used to detain noncitizens suspected of immigration violations "up to the time removal proceedings are completed." 8 C.F.R. § 236.1. After removal proceedings completed, if a noncitizen received a "final administrative removal order," they are detained through a Form I-205 Warrant of Removal/Deportation. *Id.* at §§ 241.2, 241.3(a). Only select immigration officials are authorized to issue Form I-205 Warrants of Removal/Deportation. *Compare* 8 C.F.R. § 241.2(a)(1) (immigration officials authorized to issue Form I-205 warrants), *with* 8 C.F.R. §§ 236.1(b)(1), 287.5(e)(2) (much longer list of immigration officials authorized to issue Form I-200 warrants). "Courts in this jurisdiction have consistently found that the failure to follow the procedural protections surrounding arrest warrants are violations of the statutory and due process rights of noncitizens." *Mendez v. Blanche*, No. 2:26-cv-01854-MMD-BNW, 2026 WL 3181693, at *3 (D. Nev. Oct. 23, 2026) (collecting cases).

ICE served Petitioner with a Form I-205 warrant. (ECF No. 7-1 at 2-3.) The printed name on the signature line is "J 3229 Knight," and the accompanying title is "Field Office Director." (*Id.*) However, the signature is preceded by a handwritten "for." (*Id.*) As Petitioner points out, this suggests that a different individual is signing the warrant on behalf of the Field Office Director. (ECF No. 12 at 6.) As stated, the regulations clearly enumerate a list of immigration officials authorized to sign Form I-205 Warrants. *See* 8 C.F.R. § 241.2(a)(1). Additionally, as this Court similarly noted in *Genaro v. Blanche*, it is "unclear how an unauthorized [official] could lawfully sign on behalf of an authorized immigration official." No. 2:26-cv-03045-MMD-EJY, 2026 WL 3521628, at *2 (D. Nev. Nov. 16, 2026). Thus, because it is unclear whether an authorized official signed the warrant, the I-205 warrant is effectively invalid. *See Mendez v. Blanche*, 2026 WL

3181693, at *3 (finding an I-205 warrant defective because it failed to comply with binding regulations); *Sotelo-Ramirez v. Blanche*, No. 2:26-cv-03278-MMD-MDC, 2026 WL 3563090 at *2 (holding an I-205 warrant was invalid because it was not signed by an authorized official).

To the extent that Respondents assert that the Form I-205 was properly signed by an authorized official, Respondents waived this argument by failing to raise any substantive arguments or defenses in their Response.[6] *See United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2017) (explaining that the court need not address an argument "because the U.S Attorney waived this argument by failing to address it in his answering brief"); *Jose Cruz Sibaja v. DHS*, No. 2:26-cv-2998-APG-NJK, 2026 WL 3409919, at *1 (D. Nev. Nov. 10, 2026) (finding Respondents failure to address "any of [Petitioner's] legal or factual contentions about the invalidity of the arrest" meant Respondents conceded that they did not issue a proper I-205 prior to Petitioner's arrest). Accordingly, this improperly issued Form I-205 "does not supply immigration authorities the power to arrest or detain noncitizens like Petitioner[.]" *Djiwaje v. Bondi*, No. 2:26-cv-00344-RFB-MDC, 2026 WL 926753, at *5 (D. Nev. Apr. 6, 2026); *see Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at *2 (D. Minn. Jan. 21, 2026) (collecting cases where judges concluded "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).").

The Court concludes that Respondents failed to comply with binding regulations surrounding issuance of arrest warrants in violation of Petitioner's statutory and due process rights. Therefore, the Court orders Petitioner's release. *See Escobar Nerio v. Blanche,* No. 2:26-cv-02010-MMD-NJK, 2026 WL 2983494, at *3 (D. Nev. Oct. 5, 2026) (finding an immigration warrant out of compliance with regulations rendered the resulting detention "invalid *ab initio*" and ordering release) (citation omitted.)

///

---

[6] Respondents return merely asserts Petitioner is not a member of the class certified in *Jacobo-Ramirez v. Mullin*, 834 F. Supp. 3d 1073 (D. Nev. 2026) because he was previously issued a final order of removal. (ECF No. 13 at 1-2.)

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that the Petition is granted. (ECF No. 12.) Respondents must immediately release Petitioner no later than 5:00 PM on Tuesday, November 24, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that Respondents ensure ICE returns all of Petitioner’s personal property in their possession at the time of Petitioner’s release.

It is further ordered that the parties shall file a joint status report by Wednesday, November 25 confirming Respondents’ compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

It is further ordered that Petitioner’s application to proceed IFP (ECF No. 11) is granted.

It is further ordered that Petitioner’s Motion to Extend Time (ECF No. 10) is granted *nunc pro tunc.*

DATED THIS 23rd Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE